UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS D. HARRIS, | ) | CASE NO.:3:15 CV 1890 |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| SHERIFF JOHN THARP, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

On September 15, 2015, *pro se* petitioner Chris D. Harris, a pretrial detainee at the Lucas County Jail, bring this *in forma pauperis* habeas corpus action under 28 U.S.C. § 2241. For the following reasons, the court finds the petition is not well taken.

As grounds for the petition, Mr. Harris asserts: 1) he is unenfranchised, not a legal fiction, and does not consent to searches or seizures; 2) he did not violate laws in the Constitution, and was just freely exercising God-given rights; 3) the Government became bankrupt in 1933, and exists only in name; and 4) anyone appearing *in propria persona* cannot be forced to serve jail time. He seeks dismissal of the charges against him and immediate release.

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

The three relevant factors supporting abstention are all present here. The issues presented in the petition are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Petitioner does not make a "substantial allegation" showing that the prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Id. at* 48 (noting that bad faith prosecutions are brought with no intention of securing a conviction or with an intention to harass); *id.* at 53–54 (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Phillips v. Court of Common Pleas, Hamilton County*, 668 F.3d 804, 811 (6th Cir. 2012) (petitioner unable to seek direct review of court's denial of double jeopardy challenge); *Christian v. Wellington*, No. 4:11 CV 2421, 2012 WL 1252953, at 7 (N.D. Ohio Mar. 16, 2012) (same). Further, Ohio's state courts have adequate and effective procedures for review of petitioner's claim either before trial or, in the event he is convicted, through appellate and post-conviction proceedings. Petitioner presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Accordingly, this court abstains from reaching the merits of petitioner's claims.

Based on the foregoing, the request to proceed *in forma pauperis* is granted, and this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 17, 2015